UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                    Plaintiff,         Crim. No. 08-355 (RHK)
                                          Civ. No. 16-1982 (RHK)
v.                                                 **ORDER**

James Richard Ardito, Jr.,

                    Defendant.

---

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the reasons that follow, the Motion will be denied.

In January 2009, Defendant pleaded guilty to bank robbery. The Presentence Investigation Report ("PSR") recommended that he be sentenced as a career offender under § 4B1.2 of the United States Sentencing Guidelines ("Guidelines"), as he had prior convictions for aggravated robbery and burglary of a dwelling.[1] This resulted in an advisory Guidelines range of 262-327 months' imprisonment. Defendant disputed his characterization as a career offender and, based on that argument, contended a more appropriate Guidelines range was 84-105 months. The Court rejected Defendants' argument but nevertheless sentenced him to 132 months' imprisonment, well below the 262-327 month Guidelines range. Defendant did not appeal.

On June 16, 2016, Defendant moved the Court to vacate his sentence, arguing that

---

[1] At the time, § 4B1.2 rendered a defendant a career offender if he had two prior felony convictions for a "crime of violence," which was defined to include burglary of a dwelling, arson, extortion, or other criminal activity "involv[ing] conduct that presents a serious potential risk of physical injury to another."

the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), rendered his sentence unlawful. Johnson invalidated the "residual" clause of the Armed Career Criminal Act ("ACCA"), which – like § 4B1.2 of the Guidelines – increased statutory penalties for career violent offenders. And just like § 4B1.2, the ACCA's residual clause defined predicate felonies to include those involving "conduct that presents a serious potential risk of physical injury to another." The "indeterminancy" of this clause, according to the Supreme Court, "denies fair notice to defendants and invites arbitrary enforcement by judges," rendering it unconstitutionally vague and violative of due process. Johnson, 135 S. Ct. at 2557. According to Defendant, Johnson also means that sentences imposed under the parallel text in § 4B1.2 are infirm and must be set aside.

Earlier this year, however, the Supreme Court rejected Defendant's very argument. While Johnson recognized the ACCA was subject to a void-for-vagueness challenge, Beckles v. United States held that the Guidelines *are not*. 137 S. Ct. 886, 892 (2017) ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause."). Accordingly, Beckles forecloses Defendant from obtaining relief, and his Motion must be denied. See also, e.g., Cervantes v. United States, __ F. App'x __, 2017 WL 3127336, at *1 (8th Cir. July 24, 2017) (*per curiam*).

Finally, the Court declines to issue a certificate of appealability. A defendant who seeks review of an order denying a motion under 28 U.S.C. § 2255 must obtain such a certificate, which will not be granted unless the defendant "has made a *substantial showing of the denial of a constitutional right*." 28 U.S.C. § 2253(c)(1)(B), (c)(2) (emphasis added); accord, e.g., Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). He

must show the issues are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Defendant cannot meet this exacting standard here, especially in light of Beckles, which is on all-fours with this case.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion (Doc. No. 57) under 28 U.S.C. § 2255 is **DENIED**.[2] The Court **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-1982.

Dated:   July 27, 2017

s/Paul A. Magnuson
PAUL A. MAGNUSON
United States District Judge

---

[2] Defendant's Motion for Appointment of Counsel (Doc. No. 59) also is **DENIED**.